IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANA SIMMONS<br>5659 Chevrolet Boulevard, Apt. 6<br>Parma, Ohio 44130 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>)<br>) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| HOPEBRIDGE, LLC<br>c/o URS Agents, Inc.<br>4568 Mayfield Road, Suite 204<br>Cleveland, Ohio 44121 | )<br>)<br>)<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| Defendant. | ) | |

Plaintiff, Dana Simmons, by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

## **PARTIES**

1. Simmons is a resident of the city of Parma, county of Cuyahoga, state of Ohio.

2. Hopebridge, LLC is a domestic corporation that operates a business located at 18151 Jefferson Road Cleveland, Ohio 44130.

3. Hopebridge was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq.*

## **JURISDICTION & VENUE**

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Simmons is alleging Federal Law Claims under The Americans with Disabilities Act ("ADA") 42 U.S.C. 126 § 12101 *et seq.* and The Family Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*

5. All material events alleged in this Complaint occurred in county of Cuyahoga.



6. This Court has supplemental jurisdiction over Simmons' state law claims pursuant to 28 U.S.C. § 1367 as Simmons' state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. Within 300 days of the conduct alleged below, Simmons filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2021-00266 against Hopebridge.

9. On or about June 29, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Simmons regarding the Charges of Discrimination brought by Simmons against Hopebridge in EEOC Agency Charge No. 532-2021-00266.

10. Simmons received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

11. Simmons has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

12. Simmons has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

13. Simmons is a former employee of Hopebridge.

14. Simmons began working for Hopebridge on or around July 29, 2019.

15. Hopebridge employed Simmons as a registered behavior tech.

16. Lynn Schumaker was Simmons' immediate supervisor.



17. During all material events asserted herein, Schumaker has and/or had authority to hire, fire, and/or discipline employees.

18. Simmons has a minor child who suffers from epilepsy.

19. In March of 2020, Simmons disclosed to Schumaker that her son had recently been diagnosed with epilepsy.

20. In the same conversation, Simmons disclosed to Schumaker that her son's school was closed due to the COVID-19 pandemic.

21. Schumaker assured Simmons that they "would make it work" and that Schumaker was dealing with similar issues with her own children.

22. On or around March 20, 2020, Hopebridge closed its Cleveland office, where Simmons was employed, due to the COVID-19 pandemic.

23. On March 22, 2020, Governor Mike DeWine and the Ohio Department of Health issued a Stay at Home Order, ordering most people to remain home.

24. Simmons had no further contact with Schumaker until on or around April 13, 2020.

25. On or around April 13, 2020, Schumaker called a virtual staff meeting to discuss the company's plans moving forward during the pandemic.

26. Schumaker told the staff that Hopebridge's Cleveland office would reopen on or around May 1, 2020.

27. Schumaker additionally told the staff that if they were not comfortable returning to the office in person, they could take "30 days of FMLA-type leave."

28. The "30 days of FMLA-type leave", if taken, would allow the employee to remain home and return to work on May 31, 2020.

29. Simmons contacted Schumaker and chose to take the "30 days of FMLA-type leave" that Schumaker had proposed.

30. Simmons was approved for this leave by Hopebridge.

31. Simmons did not hear from Schumaker again until on or around April 30, 2020.

32. On April 30, 2020, Schumaker requested that Simmons return to work via telephone call.

33. Simmons reminded Schumaker that she was on approved leave.

34. Simmons also reminded Schumaker about the situation in her home, including the need to care for her disabled son while his school was closed due to COVID-19.

35. Schumaker disregarded Simmons' concerns and again requested that she return to work in person.

36. Simmons, attempting to be amenable, requested a part time schedule where she could still perform in person work while caring for her disabled son whose school was closed due to COVID-19.

37. Schumaker refused Simmons's request for a part time schedule.

38. Hopebridge was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and, therefore, is an employer as defined in 29 U.S.C 2611(4).

39. At all times relevant herein, Simmons was employed by Hopebridge for at least 12 months and had at least 1,250 hours of service with Hopebridge and, therefore, was an "eligible employee" under the FMLA as that term is defined in 29 U.S.C. 2611(2)(A).

40. The FMLA does not require an employee to request FMLA.

41. The FMLA requires an employer to notify an employee of her eligibility for FMLA.

42. The FMLA requires an employer to extend FMLA protections to eligible employees as needed.



43. After Simmons's request for leave related to her disabled child or an alternative part time schedule on April 30, 2020, Schumaker terminated Simmons's employment with Hopebridge for "poor performance."

44. Hopebridge terminated Simmons' employement one hour following Simmons' request to continue to utilize her FMLA type leave and her request for a part time schedule.

45. Simmons has a child who is diagnosed with epilepsy.

46. Simmons' child's disability constituted a physical impairment.

47. Simmons' child's disability substantially limited one or more of her major life functions.

48. Hopebridge knew about Simmons' child's disability.

49. Hopebridge perceived Simmons' child's disability to substantially limit one or more of her major life activities.

50. Simmons was able to perform the essential functions of her job.

51. Hopebridge discriminated against Simmons and denied her continued employment based on her child's epilepsy in violation of the ADA 42 U.S.C. 126 § 12101 *et seq*., see 42 U.S.C. 12112(b)(4).

52. Simmons was told about her termination over the phone and informed that the reason was "poor performance."

53. Hopebridge's reason for Simmons' termination was pretext for disability discrimination against Simmons' association with a disabled child.

54. Upon information and belief, Defendant has a progressive disciplinary policy ("Progressive Discipline Policy").

55. Defendant has used Progressive Discipline Policy when disciplining employees including Simmons.



56. Under Progressive Discipline Policy, Simmons had not received any meaningful discipline.

57. Under Progressive Discipline Policy, Simmons had not been suspended.

58. Defendant skipped steps under the Progressive Discipline Policy when they terminated Simmons' employment.

59. Skipping steps under the Progressive Discipline Policy is an adverse employment action.

60. Skipping steps under the Progressive Discipline Policy is an adverse action.

61. Terminating Simmons' employment was an adverse employment action.

62. Terminating Simmons' employment was an adverse action.

63. Defendant knowingly skipped steps under the Progressive Discipline Policy when they terminated Simmons' employment.

64. Defendant intentionally skipped steps under the Progressive Discipline Policy when they terminated Simmons' employment.

65. Defendant willfully skipped steps under the Progressive Discipline Policy when they terminated Simmons' employment.

66. Defendant knowingly committed an adverse employment action against Simmons.

67. Defendant intentionally committed an adverse employment action against Simmons.

68. Defendant willfully committed an adverse employment action against Simmons.

69. Defendant knowingly committed an adverse action against Simmons.

70. Defendant intentionally committed an adverse action against Simmons.

71. Defendant willfully committed an adverse action against Simmons.

72. Defendant knowingly terminated Simmons' employment.

73. Defendant intentionally terminated Simmons' employment.

74. Defendant willfully terminated Simmons' employment.



75. The above facts demonstrate Defendant engaged in a pattern and practice of disability discrimination.

76. The above facts demonstrate Defendant engaged in a pattern and practice of FMLA interference.

77. There was a causal connection between Simmons' child's disability and Defendant's termination of Simmons' employment.

78. There was a causal connection between Simmons' request for leave to care for her disabled child and Defendant's termination of Simmons' employment.

### COUNT I: ASSOCIATIONAL DISABILITY DISCRIMINATION IN VIOLATION OF ADA

79. Simmons restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

80. Simmons has a minor child with a record of physical and/or mental impairment.

81. Simmons informed Hopebridge of her child's disabling condition.

82. Simmons's child has one or more physical and/or mental impairments that significantly limit her in one or more major life activities.

83. In the alternative, Hopebridge perceived Simmons' association with her disabled child to substantially impair one or more of her major life activities including working.

84. Hopebridge discriminated against Simmons based on her association with her disabled child in violation of 42 U.S.C. §12112(b)(4).

85. Hopebridge treated Simmons differently than other similarly-situated employees based on Simmons' association wither her disabled child.

86. Hopebridge treated Simmons differently than other similarly-situated employees based on its perception of Simmons' association to her disabled child.

The Employee's Attorney.™ 

87. On or around April 30, 2020, Defendant terminated Simmons' employment without just cause.

88. Hopebridge terminated Simmons' employment based on her association to her disabled child.

89. Hopebridge violated 42 U.S.C §12112(a) when it discharged Simmons based on her association with her disabled child.

90. Hopebridge violated 42 U.S.C §12112(a) by discriminating against Simmons based on her association with her disabled child.

91. As a direct and proximate result of Defendant's conduct, Simmons suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT II: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

92. Simmons restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

93. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

94. Hopebridge is a covered employer under the FMLA.

95. During her employment, Simmons qualified for FMLA leave.

96. In the alternative, Hopebridge is estopped from asserting that Simmons did not qualify for FMLA leave based on representations regarding eligibility made to the staff by Schumaker.

97. During her employment, on or around April 13, 2020, Simmons, along with the entirety of the staff, were told by their supervisor that they were able to utilize FMLA leave if they did not feel comfortable returning to the office due to the COVID-19 pandemic.

98. Simmons requested to take this option and to utilize qualified leave.



8

The Employee's Attorney.™

99. Simmons notified Hopebridge of her minor child's serious health condition and requested time off work.

100. Hopebridge failed to properly advise Simmons of her rights under the FMLA.

101. Hopebridge unlawfully interfered with Simmons' exercise of her rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

102. Hopebridge's act of terminating Simmons' employment immediately after Simmons requested FMLA leave based on her minor child's serious health condition violated and interfered with Simmons' FMLA rights.

103. Hopebridge violated section 825.300(b)(1) of the FMLA and interfered with Simmons' FMLA rights when Hopebridge failed to notify Simmons of her eligibility for FMLA after acquiring knowledge of Simmons' FMLA qualifying leave.

104. Hopebridge violated section 825.300(c)(1) of the FMLA and interfered with Simmons' FMLA rights when Hopebridge failed to notify Simmons of her eligibility for FMLA after acquiring knowledge of Simmons' FMLA qualifying leave.

105. As a direct and proximate result of Hopebridge's conduct, Simmons is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorneys' fees.

## **DEMAND FOR RELIEF**

WHEREFORE, Simmons demands from Defendant Hopebridge the following:

(a) Issue an order requiring Hopebridge to restore Simmons to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;



(b) An award against each Defendant of compensatory and monetary damages to compensate Simmons for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Simmons' claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ Fred M. Bean
Fred M. Bean (0086756)
Taurean.J. Shattuck (0097364)
David E. Byrnes (0086975)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email:  Fred.Bean@spitzlawfirm.com
            Taurean.Shattuck@spitzlawfirm.com
            David.Byrnes@spitzlawfirm.com

*Attorneys For Plaintiff*

## JURY DEMAND

Plaintiff Simmons demands a trial by jury by the maximum number of jurors permitted.

/s/ Fred M. Bean
Fred M. Bean (0086756)
Taurean.J. Shattuck (0097364)
David E. Byrnes (0086975)

